UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SALEEM ESTREMERA, | 2:12-cv-00309-KJD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| NEVADA SOUTHERN DETENTION CENTER, | **(Joint Motion To Stay Deadlines #27)** |
| *et al*, | |
| Defendants. | |

Before the court is defendant's Motion To Stay Deadlines Pending Ruling on Defendants' Motion To Dismiss. (#27).

**A.   Background**

Plaintiff Estremera filed her motion/application to proceed *in forma pauperis* (#1) and civil rights complaint (#1-1) on February 27, 2012.  The court ordered plaintiff to file a new application on the correct form on March 9, 2012.  (#2).  On March 21, 2012, plaintiff filed an amended motion/application on the correct form. (#3).  The court issued a screening order on April 19, 2012, denying plaintiff's first motion/application (#1), granting plaintiff's amended motion/application (#3), ordering the Clerk to detach and file the complaint (#1-1), and dismissing the complaint (#1-1) with leave to amend within thirty (30) days from the date of the order.  (#4).

On April 24, 2012, the plaintiff filed an amended complaint.  (#6).  On May 23, 2012, the court issued a screening order (1) dismissing Count I of plaintiff's complaint, (2) dismissing the claims against Nevada Southern Detention Center and Archuleta, (3) permitting the retaliation claims against

Prado and Barbier to proceed, (4) ordering the Clerk to add defendant Sgt. Barbier to the caption of the amended complaint, and (5) ordering the Clerk to electronically serve the United States Attorney for the District of Nevada. (#7). On July 30, 2012, defendants Barbier and Prado filed an answer to the amended complaint, denying "each and every allegation" and asserting 39 affirmative defenses. (#15). On August 31, 2012, the court issued a discovery plan and scheduling order, providing a discovery cut-off date of February 26, 2013, a dispositive motions deadline of March 28, 2013, and a Joint Pre-Trial Order deadline of April 29, 2013. (#20). On November 7, 2012, defendant Nevada Southern Detention Center filed a motion to dismiss (#25) and the instant motion to stay (#27). In the motion to dismiss, defendant asserts that the complaint should be dismissed because plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (#25). Plaintiff filed an opposition to the motion to dismiss (#25) on November 16, 2012. (#30).

### B.   Motion To Stay

Defendant asserts that the pending motion to dismiss (#25) "could dispose of [p]laintiff's entire case – rendering discovery futile," and that a "stay of discovery deadlines will further eliminate the unnecessary expenditure of costs and fees to defend a case that could potentially be dismissed." (#26). Plaintiff did not file an opposition to the motion to stay (#26) and did not present the court will any arguments to the contrary. The court finds that it is in the interest of the parties, judicial economy, and securing "the just, speedy, and inexpensive determination of" this action to temporarily stay discovery pending the ruling on the motion to dismiss (#25).

Accordingly and for good cause shown,

IT IS ORDERED that defendant's Motion To Stay Deadlines Pending Ruling on Defendants' Motion To Dismiss (#27) is GRANTED.

. . .

. . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IT IS THEREFORE ORDERED that the discovery in this action is temporarily STAYED. Within thirty (30) days after the court issues a ruling on the motion to dismiss (#25), but no later than July 1, 2013, the parties must file a joint status report.

DATED this 20th day of November, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE