UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SALEEM ESTREMERA, | |
| Plaintiff, | Case No. 2:12-CV-00309-KJD-VCF |
| v. | **ORDER** |
| NEVADA SOUTHERN DETENTION CENTER, *et al*., | |
| Defendants. | |

    Before the Court is the Motion to Dismiss (#25) filed by Defendants Prado and Barbier. Plaintiff filed an opposition (#30) to which Defendants filed a reply (#32).

I. Background

    Plaintiff is an inmate at Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada. Plaintiff claims that Defendant Barbier has been retaliating against him for filing this lawsuit by continuing to "drop" Plaintiff's attorney from his phone list and by threatening to hurt Plaintiff "as

officers did in Camp Tonopah while in restraints." Plaintiff also claims that Warden Prado ordered that he be placed in disciplinary segregation ("the hole") in retaliation for filing this lawsuit.[1]

On April 19, 2012, Plaintiff filed a civil rights complaint relating to the allegedly retaliatory conduct. On April 24, 2012, Plaintiff filed a First Amended Complaint which contained the same allegations. Subsequent to the filing of this lawsuit, Plaintiff filed a number of grievances related to his treatment at NSDC, including grievances regarding telephone access to his attorney.

II. Discussion

A. Pro Se Status

Plaintiff is representing himself *pro se*. Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

B. Exhaustion

The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Proper exhaustion requires that the plaintiff utilize all steps made available by the agency and comply with the agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-90 (2006).

Proper exhaustion must be completed before a complaint may be filed. Id. at 83-84. See Roberts v. Klein, 770 F. Supp. 2d 1102 (D. Nev. 2011). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

---

[1] All other claims were dismissed in the Court's screening order (#7).

The failure to exhaust is an affirmative defense and a defendant bears the burden of raising and proving failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is treated as a matter in abatement, and is properly raised in an unenumerated 12(b) motion to dismiss. Id.; see Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.1988).

Plaintiff has failed to exhaust his administrative remedies. Defendants have shown that all grievances filed by Plaintiff that could arguably relate to the allegations of the First Amended Complaint were filed after April 26, 2012, the date on which the complaint was filed. Further, the grievances filed subsequent to the complaint were not properly exhausted pursuant NSDC policy. Plaintiff's only response to Defendants' Motion to Dismiss is to provide the Court with copies of 49 pages of grievances, all of which were filed in September and October 2012. Further, none of the grievances appear to relate to the issues in the First Amended Complaint. Accordingly, the First Amended Complaint is dismissed.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss (#25) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

DATED this 28th day of March 2013.

_____
Kent J. Dawson
United States District Judge

3